UTAH POWER & LIGHT COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent.

No. 7838.

United States Court of Appeals
Tenth Circuit.

Dec. 9, 1964.

Before MURRAH, Chief Judge, and LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The respondent Commission moves to dismiss a petition for review filed by Utah Power & Light Company on the grounds of lack of aggrievement and noncompliance with statutory requirements for court review. The Commission further asks that the time for filing the certification of record be enlarged until the motion has been decided.

■ In the proceeding before the Commission the petitioner sought a declaratory order determining whether it was required by the Federal Power Act [1] to apply for a license for a hydroelectric power project. On April 17, 1964, the Commission ordered petitioner to apply for such license. Petitioner sought a rehearing and on June 11, 1964, the Commission granted a rehearing, vacated the April 17 order and dismissed the proceedings. The petitioner did not seek a rehearing of the June 11 order.

■ In Amerada Petroleum Corporation v. Federal Power Commission, 10 Cir., 338 F.2d 808, decided October 23, 1964, we denied a motion to dismiss on the ground of lack of aggrievement and held that in the absence of the record we were unable to determine whether the petitioner was aggrieved within the meaning of Section 19(b) of the Natural Gas Act.[2] The pertinent provisions of Section 313(b) of the Federal Power Act [3] are identical with the provisions of Section 19(b) of the Natural Gas Act. We adhere to our decision in Amerada. In our opinion the question of aggrievement in this case cannot be determined without the record.

The petition for review does not allege that a rehearing was sought of the June 11 order and the parties agree that no application for rehearing of that order

Charles Schirmeister, New York City (Harry A. Poth, Jr., Washington, D. C., Robert C. Woodbury, New York City, and F. Gerald Irvine, Salt Lake City, Utah, on the brief), for petitioner.

Joel Yohalem, Washington, D. C. (Howard E. Wahrenbrock, Joseph B. Hobbs, and George F. Bruder, Washington, D. C., on the brief), for respondent.

1. 16 U.S.C. §§ 791a–825r.

2. 15 U.S.C. § 717r(b).

3. 16 U.S.C. § 825l(b).

was made. Section 313(a) of the Federal Power Act provides that no proceeding to review a Commission order shall be brought without an "application to the Commission for a rehearing thereon."[4]

Section 313(b) provides in part that:

"No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do."

■ We have held in a proceeding under the Natural Gas Act that the presentation of an objection in an application for rehearing by the Commission "is an indispensable prerequisite to the exercise of power of judicial review of the order on such ground."[5] Identity of language in the Federal Power Act requires the same holding in a proceeding under that Act.

■ Petitioner's reliance on Section 10 of the Administrative Procedure Act[6] is misplaced. We have held that Section 10 does not apply to a review under Section 19(b) of the Natural Gas Act[7] and the same reasoning applies to a review under Section 313(b) of the Federal Power Act.

Petitioner argues that it has been denied due process; that such denial raises a jurisdictional question; and that jurisdictional objections are exceptions to the general requirement of exhaustion of administrative remedies. The difficulty is that the petitioner failed to raise a due process objection by asking for a rehearing on the June 11 order. Had it done so subsequent administrative proceedings might have removed the constitutional question, if in fact such question existed. The Supreme Court has said that if an administrative proceeding might remove a constitutional objection, "the administrative remedy plainly should be pursued."[8]

The petition to review is dismissed.

4. 16 U.S.C. § 825l(a).

5. Pan American Petroleum Corp. v. Federal Power Commission, 10 Cir., 268 F. 2d 827, 830. See also Federal Power Commission v. Colorado Interstate Gas Co., 348 U.S. 492, 498 n. 4, 75 S.Ct. 467, 99 L.Ed. 583.

6. 5 U.S.C. § 1009.

7. Amerada Petroleum Corp. v. Federal Power Commission, 10 Cir., 231 F.2d 461, 465; Texaco, Inc., v. Federal Power Commission, 10 Cir., 317 F.2d 796, 802, reversed on other grounds, 377 U.S. 33, 84 S.Ct. 1105, 12 L.Ed.2d 112, rehearing denied, 377 U.S. 984, 84 S.Ct. 1881, 12 L. Ed.2d 753.

8. Public Utilities Commission of California v. United States, 355 U.S. 534, 539–540, 78 S.Ct. 446, 450, 2 L.Ed.2d 470, rehearing denied 356 U.S. 925, 78 S.Ct. 713, 2 L.Ed.2d 760.