338 F.2d 808
 AMERADA PETROLEUM CORPORATION, Sunray DX Oil Company, Texaco Inc., Humble Oil & Refining Company, Gulf Oil Corporation, Union Producing Company, Jake L. Hamon, George H. Coates, Edwin L. Cox and Lamar Hunt, Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent.
 No. 7781.
 United States Court of Appeals Tenth Circuit.
 October 23, 1964.
 Rehearing Denied December 9, 1964.
 
 Homer E. McEwen, Jr., Tulsa, Okl., and James J. Flood, Jr., Houston, Tex., for petitioners.
 Josephine H. Klein, Washington, D. C. (Richard A. Solomon, General Counsel, and Howard E. Wahrenbrock, Solicitor, Federal Power Commission, on the brief), for respondent.
 Before BREITENSTEIN, HILL and SETH, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 This is a joint petition of six corporations and four individuals to review the respondent Commission's Opinion 422 and order of March 23, 1964, as affirmed on rehearing by Opinion 422-A and order issued May 27, 1964. The petitioners are all natural-gas companies within the meaning of the Natural Gas Act of 1938, as amended.[1] The petitions are brought under Section 19(b) of that Act. The same order of the Commission is under attack in the District of Columbia, Third, Fifth, and Sixth Circuits. The first petition filed was this one in the Tenth Circuit. Venue lies in the Tenth Circuit as to petitioner Sunray DX Oil Company but not as to the other petitioners.
 
 
 2
 Consideration must be given first to the Commission's motion to dismiss as to petitioner Sunray DX Oil Company for lack of jurisdiction. The Commission says that Sunray has lost its right to object to the order by failure to meet procedural requirements; and that, because Sunray is not aggrieved by the order, it may not bring a petition to review under Section 19(b).
 
 
 3
 We are met at the start by a barrier of the Commission's making. The Commission has not filed the certified record of its proceedings as required by Section 19(b). Instead it has moved for an enlargement of time for certification of the record "until further order of the Court after resolution of the preliminary issues." In its motion to dismiss Sunray and in its supporting statements and briefs the Commission repeatedly makes record references. Without the record these references are meaningless. In the circumstances we are limited to consideration of the allegations of the petition.
 
 
 4
 The petition shows that the petitioners entered into separate contracts with various interstate pipeline companies for the sale of natural gas produced from their respective properties located in Texas Railroad Commission District No. 4; that they filed their contracts with the Commission as rate schedules and concurrently filed Applications for Certificates of Public Convenience and Necessity to obtain authority to make their sales for resale in interstate commerce; that the Commission ordered a consolidated hearing; that at the hearing the petitioners jointly offered certain evidence in support of their applications; that the examiner rejected the evidence; that the decision of the examiner granted the certificates with conditions attached; that the petitioners filed timely exceptions to the examiner's decision; that the Commission sustained the examiner on the rejection of the proffered evidence; and that the Commission held that certificates should be issued subject to the following conditions:
 
 
 5
 1. An initial price in excess of 16 cents per Mcf was prohibited;
 
 
 6
 2. Decision on refunds was referred;
 
 
 7
 3. A moratorium on price increases in excess of 18 cents was ordered; and
 
 
 8
 4. Decision on take-or-pay-for contract provisions was made subject to disposition in a rule-making proceeding.
 
 
 9
 The petitioners duly sought rehearing and, on the same day the rehearing was denied, the petition to review was filed in this court. The petition sets forth the grounds on which relief is sought, incorporates a motion for leave to adduce additional evidence, and concludes with an appropriate prayer for relief.
 
 
 10
 We find that the petition satisfies the requirements of Section 19(b) and we decline to give consideration to matters said to be established by a record which is not before us. Without the record the grounds asserted in the Commission motion form no basis for the dismissal of Sunray.
 
 
 11
 The Commission has also moved to dismiss the petition on the ground that venue as to all the joint petitioners does not lie in the Tenth Circuit. The petition alleges venue only as to Sunray.
 
 
 12
 Section 19(b) provides that a person aggrieved by a Commission order may obtain a review of such order "in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia."
 
 
 13
 Section 2112(a) of 28 U.S.C. provides that if proceedings have been instituted in two or more courts of appeals with respect to the same order the board or commission concerned shall file the record in the court where the proceedings with respect to the order were first instituted. The other courts shall then transfer the proceedings before them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice the court in which the record is filed may "transfer all the proceedings with respect to such order to any other court of appeals."
 
 
 14
 Sections 19(b) and 2112(a) must be read and applied together. The quoted language of Section 19(b) indicates that it is premised on the concept of an order relating to one particular natural-gas company. The Commission has destroyed that concept by consolidating for hearing and disposition separate applications of natural-gas companies which have varying residences and locations of principal places of business. No good purpose would be served by exploring the ramifications of the resulting procedural problems. Each aggrieved party is entitled to a review. The charges and countercharges of forum shopping do not impress us. For better or worse the statutes permit a race to the courthouse with each party trying to get a hearing on its home grounds.
 
 
 15
 In our opinion the venue deficiencies require a dismissal of the petition as to all petitioners but Sunray. The rights of Sunray are separate and on the face of the pleadings it is entitled to a review of the order attacked. From a practical standpoint this result is of little importance. The provisions of Section 2112 (a) will now come into play.
 
 The various motions are disposed of thus:
 
 16
 1. The Commission's motion to dismiss is granted as to all petitioners except Sunray;
 
 
 17
 2. The Commission's motion to dismiss Sunray is denied without prejudice to renewal after the record is certified to this court;
 
 
 18
 3. The motion to adduce additional evidence is deferred to the hearing on the merits; and
 
 
 19
 4. The motion of the Commission to enlarge the time for certification of the record is denied and the Commission shall file the entire record with the clerk within 15 days from the entry of this order.
 
 
 
 Notes:
 
 
 [1]
 15 U.S.C. § 717 et seq
 
 
 ON PETITION FOR REHEARING
 
 20
 PER CURIAM.
 
 
 21
 The Commission's petition for rehearing urges that the record is not necessary for a determination of whether Sunray was aggrieved and emphasizes the potential complications in procedure.
 
 
 22
 We have again reviewed the situation and are convinced that in the case before us the question of aggrievement cannot be determined without the record. The parties are not in agreement on the facts. In the absence of such agreement we will not decide the issue on unauthenticated documents attached as appendices to motions and briefs or on unilateral statements made in briefs and oral arguments. This is not a case like Utah Power & Light Company v. Federal Power Commission, 10 Cir., 339 F.2d 436, decided this day, in which the defect appeared on the face of the petition.
 
 
 23
 We are aware of the procedural problems mentioned by the Commission and we shall meet those problems when they arise. The procedural entanglements which postpone consideration on the merits of petitions to review Commission orders are regrettable and should have the careful attention of all parties in interest.
 
 
 24
 The Commission objects to our order which requires the filing of the entire record. We are now convinced that in the circumstances of this case the better procedure is to require a certificate of the materials comprising the record.
 
 
 25
 Except as stated herein the petition for rehearing is denied. The Commission, in accordance with our Rule 34(7), shall certify a list of the materials comprising the record and file such certificate with the clerk within ten days from the date of the entry of this order.