**AMAX PETROLEUM CORPORATION,** Big Chief Drilling Company, Cleary Petroleum, Inc., Davon Drilling Company, Earlsboro Oil & Gas Co., Inc., King-Stevenson Gas & Oil Company, Little Nick Oil Company, Seneca Oil Company, and Woods Petroleum Corporation, Petitioners,

v.

**FEDERAL POWER COMMISSION,** Respondent.

No. 8037.

United States Court of Appeals Tenth Circuit.

Aug. 19, 1965.

Lewis G. Mosburg, Jr., of Mosteller, Andrews & Mosburg, Oklahoma City, Okl., for petitioners.

Israel Convisser, Washington, D. C., for respondent.

Before PICKETT, LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Amax Petroleum Corporation and eight others seek review by joint and several petition of an order of the Federal Power Commission issued November 4, 1964 and designated as an "Order Declining to Issue Small Producers Report Forms." The order was made in an area rate proceeding (Hugoton-Anadarko Area) originating under the Natural Gas Act, 15 U.S.C. § 717 et seq., initiated to determine the just and reasonable rates for jurisdictional sales of natural gas within the designated geographical area. The specific effect of the order is a Commission refusal to compel the so-called small producers [1] to furnish cost information to the Commission or to require the Commission staff to compile such information in a form suitable for evidentiary presentation at the trial stage of the proceeding. The order was premised upon a finding that: "a mandatory filing requirement would be infeasible because of the inadequate records of many small producers, and a voluntary filing requirement would be undesirable because of the uncertainty that responses would be representative." Petitioners assert the order to be arbitrary, discriminatory against their rights as small producers,[2] and a prejudgment of the evidence which they intend to produce at the area hearing. The relief

---

1. Each of petitioners is a "small producer," that is, an independent whose sales in interstate commerce in 1962 were less than 10,000,000 MCF.

2. Major producers have been required to furnish factual data of their costs.

sought is an order directing the Commission to require small producers (those whose sales exceeded 500,000 MCF or whose drilling costs exceeded $250,000) to file factual data of cost as an aid to the Commission in its ultimate determination of rates.

██ The case reaches us upon motion to dismiss for lack of jurisdiction made by the Commission without certification of the administrative record. Since the test of jurisdiction lies not with the interlocutory form of the order but with a determination of whether the order presently results in the setting of legal consequences in derogation of petitioners' rights, Cities Service Gas Co. v. Federal Power Commission, 10 Cir., 255 F.2d 860, cert. denied, Magnolia Petroleum Co. v. Cities Service Gas Co., 358 U.S. 837, 79 S.Ct. 61, 3 L.Ed.2d 73; Phillips Petroleum Co. v. Federal Power Commission, 10 Cir., 227 F.2d 470, cert. denied, Michigan Wisconsin Pipe Line Co. v. Phillips' Petroleum Co., 350 U.S. 1005, 76 S.Ct. 649, 100 L.Ed. 868, we are presently concerned only with whether a jurisdictional defect appears upon the face of the petition. Such defect may appear as a procedural failure, Utah Power & Light Co. v. Federal Power Commission, 10 Cir., 339 F.2d 436, but may also appear as a substantive matter if the parties raise no factual issue as in Amerada Petroleum Corp. v. Federal Power Commission, 10 Cir., 338 F.2d 808, and if jurisdiction is not so intertwined with the merits as to make the issue dependent. Texaco, Inc. v. Federal Power Commission, 10 Cir., 317 F.2d 796, reversed on other grounds, Federal Power Commission v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, 12 L.Ed.2d 112. And see Sunray DX Oil Company v. Federal Power Commission, 10 Cir., 351 F.2d 395, dec. June 30, 1965.

██ In the case at bar there is no factual dispute nor has the Commission by its order established a procedural framework that negatives consideration of small producers' costs as a factor in determining ultimate rates and thus barred petitioners from the merits by indirection. To the contrary, the petition for review discloses that the Commission will accept evidence of small producers' costs and that petitioners intend to offer such evidence. The real substance of petitioners' complaint attacks the considered judgment of the Commission, made after hearing, as to how to employ its statutory investigative powers and how to direct the efforts of its staff members. Such decisions are not subject to judicial review for they are essentially an administrative function. Federal Power Commission v. Idaho Power Co., 344 U.S. 17, 73 S.Ct. 85, 97 L.Ed. 15. And this is so although the administrative decision in such regard is made over the protest and against the advice of interested parties or the Commission's own experts.

██ It is true, as petitioners point out with understandable emphasis, that the subject order is premised upon a finding of the Commission that makes reference to "inadequate records of many small producers" and uncertainty of representative responses. Petitioners assert such phraseology to constitute a prejudgment of their proposed claims. We cannot agree that such conclusion follows as a matter of law nor as an inference of fact affecting the merits. The Commission, as a matter of expertise, may draw upon their experience in determining the ground rules for their own investigation and may divert their general efforts in accord with their specialized knowledge; the Commission cannot, of course, under the guise of expertise, deny a specific right. But this latter they have not done by the subject order.

The remaining substance of the petition seeking review constitutes an argument contra to area pricing in general and an asserted apprehension that the over-all attitude and procedures of the Commission will inevitably result in lack of consideration for the small producer and prove the stated prediction of Mr. Justice Clark that the small producers will end up "the dead duck." State of Wisconsin v. Federal Power Commission,

373 U.S. 294, 317, 83 S.Ct. 1266, 10 L. Ed.2d 357. We, of course, express no opinion in such regard except to state that no presently reviewable issue is presented.

■ We conclude that the subject order is interlocutory in nature, that petitioners are not presently aggrieved thereby as defined by Section 19(b) of the Natural Gas Act and that lack of jurisdiction appears upon the face of the petition. Accordingly, the petition to review is

Dismissed.