370 F.2d 777
 67 P.U.R.3d 248
 COLORADO INTERSTATE GAS COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
NATURAL GAS PIPELINE COMPANY OF AMERICA, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
PANHANDLE EASTERN PIPE LINE COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
 Nos. 8892, 9081, 9082.
 United States Court of Appeals Tenth Circuit.
 Jan. 9, 1967.
 
 Raymond Shibley, Washington, D.C., for petitioners.
 Srael Convisser, Washington, D.C., for respondent.
 Before LEWIS, ALDRICH* and HICKEY, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 Invoking the jurisdiction of this court under section 19 of the Natural Gas Act, 15 U.S.C. 717r and section 10 of the Administrative Procedure Act, 5 U.S.C. 1009, Colorado Interstate Gas Company petitioned for review of an order of the Federal Power Commission entered April 13, 1966. Similar petitions by Natural Gas Pipeline Company and Panhandle Eastern Pipe Line Company were later filed in the Seventh and Eighth Circuits respectively, were subsequently transferred to this court and by our order were consolidated for the purpose of these proceedings. The subject order affects the scope of the so-called Hugoton-Anadarko Area Rate Proceeding[1] which was initiated in November 1963 under sections 4, 5 and 15 of the Natural Gas Act[2] to determine just and reasonable rates for interstate sales by producers of natural gas within the designated geographic area. Petitioners, while principally in the business of transporting natural gas by pipeline, are among the largest producers of gas in the Hugoton-Anadarko area. The specific effect of the order upon them is to terminate their participation as producers[3] in the Hugoton-Anadarko Area Rate Proceeding and place them, along with all other pipeline producers, in an exclusive Pipeline Production Area Rate Proceeding. The stated objectives of the order are to establish a separate forum for determination of 'whether the Commission may or should depart from the cost-of-service method in fixing the price of pipeline produced gas' and, by so doing, to expedite the determination of area rates for independent producers in the Hugoton-Anadarko area.
 
 
 2
 The case is before us on respondent Commission's motion to dismiss for want of jurisdiction. The basis for the motion is that the subject order is 'purely interlocutory and procedural' and that petitioners have not demonstrated present aggrievement as required by section 19(b) of the Natural Gas Act, 15 U.S.C. 717r(b). The Commission also requests that the time for filing the certification of record be enlarged pending disposition of the motion to dismiss. Petitioners oppose the motion to dismiss on the ground that their present aggrievement from the order is demonstrated by the Commission's denial, or at least postponement, of their asserted right to a parity of treastment with those in the area with whom they as pipeline producers must compete. Petitioners also object to further enlargement of the time for filing a certified record on the ground that such record will demonstrate that petitioners are presently suffering economic loss through the delay and uncertainty occasioned by initiation of a new proceeding. Although both sides have attempted to bolster their respective positions with extensive argument from the record on the merits, our consideration of the case at this juncture is limited to the issue of whether a jurisdictional defect appears in the allegations of the several petitions.
 
 
 3
 Petitioners' participation as pipeline producers in the Hugoton-Anadarko Area Rate Proceeding has been premised upon an order of the Commission dated June 29, 1964, which provided for an enlargement of the proceeding to include 'consideration of the extent to which, if any, the rates or cost allowances for pipeline gas production should be regulated on an area basis.' Thereafter petitioners actively participated in the proceedings under the guidelines of the June 1964 order until, upon motion of staff counsel, the subject order of severance was issued ex parte by the Commission. The order recited that it is now the considered opinion of the Commission that the area rate proceeding does not provide 'an appropriate vehicle for evaluating the general pipeline production issue' and concludes, from experience gained in the proceeding and from analysis of the present evidentiary record of the area rate proceeding, that the public good will best be served by severance of the issues and consideration of such issues in separate proceedings. Petitioners deny that the record indicates or dictates that the public good will be served by the severance of the issues and assert that the order constitutes a complete denial of due procees, procedurally and substantively.
 
 
 4
 It is immediately apparent that consideration cannot be given to the motion to dismiss these actions if the jurisdiction of the Commission to issue the April 1966 order is dependent on the present record in the area rate proceeding. See Amerada Petroleum Corp. v. Federal Power Commission, 10 Cir.,338 F.2d 808; Sunray DX Oil Co. v. Federal Power Commission, 10 Cir., 351 F.2d 395. The administrative record is not before us and the legal impact of the record cannot be now considered on the merits. However we do not consider the jurisdiction of the Commission to issue the subject order to be dependent on specifics that may be revealed by the particulars of evidence contained in the record. Rather we think the dispositive question to be whether under the circumstances of this case the Commission has the unreviewable power to limit the scope of its investigation after once having set the guidelines and having required and allowed petitioners to proceed accordingly for a prolonged period of time. In other words, the Commission under the shelter of its administrative expertise cannot expose petitioners to a denial of due process. And in this regard petitioners contend that the order violates the mandate of section 6(a) of the Administrative Procedure Act, 5 U.S.C. 1005(a), to 'proceed with reasonable dispatch to conclude any matter presented to it;' exposes petitioners to great expense, delay and uncertainty; denies to them area rate treatement constituting a disparity of treatment in violation of section 8(b) of the Administrative Procedure Act, 5 U.S.C. 1007(b); and, in totality, denies to them the compulsion of the Fifth Amendment.
 
 
 5
 Although this court, as well as others, might term the order of severance to be 'procedurally abhorrent,'[4] we think it clear that each contention of petitioners has earlier been negated by the decisions of this court in Amax Petroleum Corp. v. Federal Power Commission, 10 Cir., 350 F.2d 92, and Frontier Airlines, Inc. v. Civil Aeronautics Board, 10 Cir., 349 F.2d 587. In Amax we stated and it is applicable here:
 
 
 6
 'It is true, as petitioners point out with understandable emphasis, that the subject order is premised upon a finding of the Commission that makes reference to 'inadequate records of many small producers' and uncertainty of representative responses. Petitioners assert such phraseology to constitute a prejudgment of their proposed claims. We cannot agree that such conclusion follows as a matter of law nor as an inference of fact affecting the merits. The Commission, as a matter of expertise, may draw upon their experience in determining the ground rules for their own investigation and may divert their general efforts in accord with their specialized knowledge; the Commission cannot, of course, under the guise of expertise, deny a specific right. But this latter they have not done by the subject order.'
 
 
 7
 No claim is made that the Commission order of June 1964 expanding the proceedings to include the issue of pipeline production was not jurisdictionally sound. Indeed that order premises the petitioners' present claims to the right to continued participation. The Commission now states, in effect, that the order of expansion was a mistake and that it has recognized the mistake, at least in part, through knowledge and experience obtained in the proceeding itself. By expanding or limiting the scope of its investigation the Commission is exercising its expertise by determining where best it can employ its administrative function. Neither the fact of administrative expertise nor the sources of its conception are proper subjects for judicial review. And the fact that petitioners are now exposed or subjected to some expense, uncertainty and delay because the ground rules were changed in the middle of the game is but an unfortunate side effect springing from the frailty of the administrative decisional process. But no constitutional now statutory right is infringed and it has long been recognized that judicial review of the preliminary procedural processes of the Commission would only serve to increase the inherent difficulties of the process.
 
 
 8
 Petitioners' claims that the order of severance denies to them area rate treatment resulting in an unlawful disparity of rate are comparable to the contentions advanced, a considered and rejected by this court in Frontier. If we assume, without deciding, that petitioners are, as they allege, entitled to a parity of rate treatment with the independent producers such right is not denied to them by the instant order. Petitioners' rights are not presently barred by indirection and their apprehensive claims do not constitute an aggrievement.
 
 
 9
 We conclude that the order of April 13, 1966, is interlocutory in nature, that petitioners are not presently aggrieved thereby as defined by section 19(b) of the Natural Gas Act and that the petitions fail to state a jurisdictional subject for review.
 
 
 10
 The petitions are severally dismissed.
 
 
 
 *
 Of the First Circuit sitting by designation
 
 
 [1]
 The 'Hugoton-Anadarko Area' consists of contiguous natural gas producing areas in Kansas, Oklahoma and Texas
 
 
 [2]
 15 U.S.C. 717c, 717d, 717n
 
 
 [3]
 Petitioners remain as parties to the Area Rate Proceedings
 
 
 [4]
 See concurring opinion of Commissioner Bagge