865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
K N ENERGY, INC., Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Great Western Sugar Company, Intervenor.
 No. 87-1177.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before WALD, Chief Judge and STARR and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the petition for review of an order of the Federal Energy Regulatory Commission, and was briefed and argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the petition for review of the Federal Energy Regulatory Commission's decision of March 16, 1987, be denied.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.
 
 MEMORANDUM
 
 4
 K.N. Energy, Inc. ("KN" or "Petitioner") petitions this court to reverse a Federal Energy Regulatory Commission ("FERC" or "Commission") order dismissing KN's petition for a declaratory order that the state courts of Colorado invaded the exclusive jurisdiction of the Commission by entering judgments against KN for breach of natural gas service contracts. Finding that the Commission did not abuse its discretion in the dismissal of KN's petition, we likewise dismiss KN's petition for review.
 
 I. BACKGROUND
 
 5
 A. Factual Background and the State Litigation
 
 
 6
 KN is an interstate natural gas pipeline company regulated by FERC as a natural gas company under the provisions of the Natural Gas Act of 1938 ("NGA" or "the Act"), ch. 556, 52 Stat. 821, as amended, 15 U.S.C. Sec. 717 et seq. From 1955 to November of 1973, KN provided interruptible service to Great Western Sugar Company ("Great Western"), determining whether to interrupt service by comparing anticipated demands to available supply on a 24- to 36-hour basis. KN interrupted service only if the projection indicated that available supply would not be sufficient to meet the anticipated needs of all customers. On November 7, 1973, KN instituted a new policy of interrupting service to low priority interruptible customers such as Great Western in order to husband gas for high priority customers when KN found it necessary to withdraw gas from storage to serve those high priority customers. Consequently, Great Western sued KN in the state courts of Colorado asserting alternative theories of fraud and breach of contract. The Commission filed a brief with the Colorado trial court in support of a request by KN that the court refer to FERC questions concerning KN's defense that the adoption of the storage withdrawal interruption policy was required by its obligations under its tariff, Commission-issued certificates of public convenience and necessity, and policy orders issued by the Commission during the gas supply crisis of the early 1970's. The Colorado court denied the request for reference and ultimately entered judgment in favor of Great Western based on breach of contract. The jury rejected Great Western's alternate theory that KN was liable in fraud.
 
 
 7
 KN appealed. The Colorado Court of Appeals affirmed the liability decision of the trial court and rejected renewed requests for referral of the earlier listed issues to FERC, holding that "[t]he fact that the Natural Gas Act and applicable tariffs affect some of the dealings between the parties does not oust state courts of jurisdiction over these common law claims." The Great Western Sugar Company v. Northern Natural Gas Co., 661 P.2d 684, 690 (Colo.App.1982). KN petitioned the Supreme Court of Colorado for a writ of certiorari, arguing, inter alia, that the lower courts had erred in declining reference to the Commission. The State Supreme Court denied certiorari on March 31, 1983. KN Energy Inc. v. The Great Western Sugar Co., 698 P.2d 769 (Colo.1985).[1]
 
 
 8
 While the matter was still pending before the Colorado intermediate court, KN filed with the Commission its petition for the issuance of a declaratory order pursuant to Rule 207 (18 C.F.R. Sec. 385.207 (1987)) of the Commission's Rules of Practice and Procedure, arguing that it would have violated the orders, rules and regulations of the Commission had it not committed the acts held to constitute the breach of contract in the Colorado courts. In KN's view what the Colorado courts were imposing was firm service inconsistent with the relevant tariffs and certificates, and an award of damages in any amount would constitute a preference in contravention of Section b of the Act, 15 U.S.C. Sec. 717c(b). Therefore, KN argued, the state litigation was penalizing the operation of the pipeline system because it was in conformity with the Natural Gas Act, and the Commission should declare that these were matters within its exclusive jurisdiction.
 
 B. The FERC Proceedings
 
 9
 On December 7, 1982, the Commission ordered a formal hearing on KN's petition. Kansas-Nebraska Natural Gas Co., Inc., Docket No. TC82-43-000, 21 F.E.R.C. p 61,285 (1982). Great Western had intervened, urging that the Commission could take no action without a referral from the state courts. The Commission rejected Great Western's argument, Kansas-Nebraska Natural Gas Co., Inc., Docket No. TC82-43-000, 22 F.E.R.C. p 61,085 at 61,132 (1983), and we affirmed in an unpublished opinion. The Great Western Sugar Co. v. FERC, No. 83-1135 (D.C.Cir. April 16, 1984) (unpublished).
 
 
 10
 Thereafter, an Administrative Law Judge ("ALJ") held 47 days of hearings and issued a decision in which he recommended rejection of KN's petition on the merits. In the meantime, the United States Supreme Court had rejected KN's petition for a writ of certiorari to review the Colorado Supreme Court proceedings. KN Energy, Inc. v. The Great Western Sugar Co., 472 U.S. 1022 (1985) (Memorandum).
 
 
 11
 After the Supreme Court's denial of certiorari, FERC declined to reach the merits and dismissed KN's application, ruling that "a declaratory order would be purely advisory" in light of the Supreme Court terminating the litigation adversely to KN. KN Energy, Inc., Docket No. TC82-43-004, 37 F.E.R.C. p 61,127 (1986). Thereafter the Commission denied KN's petition for rehearing, and the instant appeal ensued.
 
 C. KN's Arguments
 
 12
 KN has argued throughout that the jurisdiction of the Colorado courts to hear the contract litigation was preempted by federal law. KN argues, and FERC does not disagree, that FERC should have exclusive jurisdiction over the curtailment of natural gas. Petitioner further insists that the Colorado decision, allowing recovery for breach of contract to deliver natural gas, violates the proper standard set down in United Gas Pipeline Co. v. FERC, 824 F.2d 417 (5th Cir.1987), that
 
 
 13
 [an interstate natural gas company] is liable for curtailed deliveries only if it caused the need for curtailments through "negligence, bad faith, fault, or willful misconduct." ... Any standard of fault less than negligence is preempted by the federal standard in this setting.
 
 
 14
 Id. at 428 (citations omitted, emphasis supplied).[2]
 
 
 15
 KN further argued that the award of damages by the Colorado courts was in violation of the Supreme Court's application of the filed rate doctrine in Arkansas Louisiana Gas Co. v. Hall, 453 U.S. 571 (1981) ("Arkla"). The ALJ had recommended rejection of both arguments.
 
 
 16
 In the ALJ's opinion, the rule of United Gas applies only where the failure to deliver natural gas pursuant to a contract is caused by a federal curtailment scheme. In the present case, he reasoned that KN's breach was not occasioned by such a curtailment scheme. As to the Arkla argument, the ALJ found the present facts plainly distinguishable from those before the Supreme Court. In that case, the seller of natural gas had a contract rate on file with FERC's predecessor, the Federal Power Commission. After delivery, the seller sued successfully in the state courts to collect at a higher rate under a "most favored nations" clause. The Supreme Court struck down the Louisiana judgment on the ground that "[u]nder [the filed rate] doctrine, no regulated seller is legally entitled to collect a rate in excess of the one filed with the Commission for a particular period." 453 U.S. at 576. The ALJ reasoned that in this case there was no paying for gas at any rate exceeding filed or Commission-approved rates, and in fact that the damages did not represent any payment for gas at all. Rather, the Colorado damages represented a method of making a would-be buyer whole for a seller's failure to deliver, a situation not covered by the Arkla reasoning.
 
 
 17
 As we noted, the Commission reached the merits of neither argument, but rather declined to issue any "advisory" declaratory ruling.
 
 II. ANALYSIS
 
 18
 We note at the outset that the Commission challenges the reviewability of its decision. In its view, KN does not meet the requirement of Sec. 19(b) of the Act, 15 U.S.C. Sec. 717r(b), that a person seeking review of a Commission order be "aggrieved." As the Commission notes, aggrievement " 'is a status conferred by Congress upon a party who ... is likely to suffer injury' by an administrative determination...." Sunray DX Oil Co. v. FPC, 351 F.2d 395, 400 (10th Cir.1965) (quoting City of Pittsburgh v. FPC, 237 F.2d 741, 746 (D.C.Cir.1956)). FERC's objection is certainly not frivolous. It is, of course, axiomatic that if the decision is unreviewable then we are without jurisdiction to take any action on the merits. FPC v. Metropolitan Edison Co., 304 U.S. 375, 383-84 (1938). KN's claims of aggrievement on the current record are sufficiently weak and sufficiently intertwined with the merits of the case that a brief examination of the merits informs our decision without doing violence to the limited nature of our jurisdiction.
 
 
 19
 FERC's decision in acting within its discretion to decline to hold this declaratory order proceeding has not in any real sense aggrieved KN Energy. Under section 706 of the Administrative Procedure Act, 5 U.S.C. Sec. 706, federal courts are to set aside agency action only where that action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." City of New York Municipal Broadcasting System (WNYC) v. FCC, 744 F.2d 827, 836 (D.C.Cir.1984). Otherwise put:
 
 
 20
 [T]he critical concern of the reviewing court is that the agency provide a coherent and reasonable explanation of its exercise of discretion. If the agency has done so, the decision may not be disturbed even if the court thinks a different decision would have been more reasonable or desirable.
 
 
 21
 MCI Telecommunications Corp. v. FCC, 675 F.2d 408, 413 (D.C.Cir.1982). Here the Commission made it plain that it knew it was exercising its discretion in an area over which it had jurisdiction. Its decision on whether or not to exercise its discretion to issue a declaratory order was informed by the Supreme Court's denial of certiorari. KN Energy v. The Great Western Sugar Co., supra. We would be unusually invasive of the Commission's discretion to deem it arbitrary or capricious in declining to issue what appears to be an advisory opinion on a fact situation as to which litigation had already been terminated unfavorably to petitioner by the denial of certiorari in the Supreme Court of the United States. We are aware, as was the Commission, that "the denial of certiorari is not a decision of the merits...." KN Energy Inc., Docket No. TC82-43-000, 38 F.E.R.C. p 61,263 at 61,899 (1987). Nonetheless, we cannot say that the Commission acted arbitrarily or capriciously in deeming it to reflect adversely on the chances that any practical result would emanate from FERC devoting time and resources to further proceedings in this cause. Also, while we, like the Commission, do not reach the merits of this cause, certainly the Commission's lack of arbitrariness is underlined when we note that the chances of KN's obtaining a favorable order from FERC are not overwhelming in light of the ALJ's recommendation and reasoned distinction of KN's principal cited authority.[3]
 
 IV. CONCLUSION
 
 22
 Whether we view this case as being one in which aggrievement is absent or in which there is no abuse of discretion, the petition for review is denied.
 
 
 
 [1]
 That court ultimately granted limited certiorari on damages issues unrelated to the questions before us and remanded for further proceedings as to those issues
 
 
 [2]
 KN also cites Transcontinental Gas Pipeline Corp. v. FERC, No. 86-1358 (D.C.Cir. February 16, 1988) (unpublished memorandum), in support of this proposition. We would call petitioner's attention to Local Rule 11(c) directing that "[u]npublished orders or judgments, including explanatory memoranda, of this Court are not to be cited as precedents" except in certain instances not applicable here. D.C.Cir.R. 11(c)
 
 
 [3]
 We do not by this observation intend to offer comment as to the correctness or incorrectness of the ALJ's recommendation. We simply note that the Commission in exercising its discretion is free to make the practical observation that the petitioner's chances of succeeding are not as great, given an unfavorable recommendation from the ALJ than had that officer recommended otherwise